IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Dominique Alexander Hackley,  )
    Petitioner,  )
        )
v.  )        1:18cv1451 (LMB/TCB)
        )
Harold W. Clarke,  )
    Respondent.  )

## MEMORANDUM OPINION

Dominique Hackley ("Hackley" or "petitioner"), a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his nine convictions (two counts of robbery in violation of Va. Code § 18.2-58; two counts of abduction with the intent to obtain pecuniary benefit in violation of Va. Code § 18.2-48; four counts of using a firearm in commission of a felony in violation of Va. Code § 18.2-53.1; and one count of armed statutory burglary in violation of Va. Code § 18.2-90). [Dkt. No. 1]. Respondent has filed a motion to dismiss and Rule 5 answer, along with a supporting brief. [Dkt. Nos. 17–19]. Hackley received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and opposes respondent's submission. [Dkt. Nos. 20, 22]. For the reasons that follow, respondent's motion to dismiss will be granted.

### I. Background

After a bench trial during which one of the victims testified and provided a first-hand account of the nine charged crimes, the presiding trial judge found that Hackley was guilty on all counts and sentenced him to a total of eighteen years' imprisonment. [Dkt. No. 1].

At the sentencing hearing, Hackley's attorney asked the trial judge to sentence him to the mandatory minimum sentence and to run concurrently at least two of the firearms charges. [Case

1

No. CR13F5109, 6/23/14 Sentencing Hr'g, at 10]. The judge responded, "I don't think the statute allows the Court to do that." [Id.]. Hackley's attorney then explained that "the statute doesn't allow you to run the use of a firearm charge concurrent with the primary offense, but there's nothing in the statute that prevents the Court from running the separate uses together." [Id.]. "All right," the judge replied. [Id.]. Before pronouncing the sentence, the judge explained to Hackley:

> You may have heard counsel mention mandatory minimums. As far as the use of firearms are concerned, the General Assembly has set a minimum sentence that you'll receive upon conviction. For the first time, it's three years and each time thereafter is five. Because you have four [counts], you get three for the first one and 15 for the other three for a total of 18, and that's where your sentencing guidelines begin. . . . [T]hey must run consecutively with the primary felony, so maybe it is possible to run them concurrent. . . . [T]hen, there are five additional felonies to which [sic] we haven't discussed. But the guideline range is 18 years on the low end, 25 years and three months on the high end, and the range midpoint is 21 years nine months.

[Id. at 15–16]. The judge imposed the mandatory minimum sentences for each firearms offense: three years for the first charge and five years for each of the additional three charges. [Id. at 19]. The judge issued suspended sentences totaling 100 years for the remaining offenses. [Id. at 18–19]. All of the sentences were imposed consecutive to each other, making the total sentence 18 years' imprisonment. [Id. at 19–20].

## II. Postconviction Procedural History

Hackley appealed his conviction, and his appointed lawyer argued that there was insufficient evidence to sustain the convictions. [Rec. No. 1316-14-2, Pet'n for Appeal]. The Court of Appeals of Virginia denied the appeal after finding the following evidence sufficient to sustain the convictions.

> [O]n September 23, 2013, brothers Omar and Khaled Alsavej were inside the apartment they shared when they heard the doorbell ring. Khaled testified he opened the door to see [Hackley] standing outside the apartment. [Hackley] grabbed Khaled, stepped into the apartment, and pushed Khaled to the floor. The apartment door shut automatically behind [Hackley]. [Hackley] produced a gun

2

> and demanded money from the brothers. When [Hackley] was not satisfied with the small amount of money the brothers had on hand, he demanded they get more money from an ATM. He instructed them to leave their phones in the apartment and then took them to a nearby convenience store.
>
> Once there, [Hackley] made Khaled remain outside with him and told Omar to go inside to withdraw cash. Omar complied, withdrew one-hundred dollars, and surrendered it to [Hackley]. [Hackley] then ordered the brothers to return to their apartment without looking back. [Hackley] left in the opposite direction. Omar and Khaled called the police as soon as they returned to their residence.
>
> The police arrested [Hackley] later that day. He was wearing the same clothing the brothers described as being worn by the perpetrator. Detective Patrick Mansfield interviewed [Hackley] following his arrest. [Hackley] admitted having robbed the victims. He stated he did not know the victims and that he needed money in order to purchase heroin. [Hackley] denied having a gun and claimed he had put his hand in a paper bag in order to make his victims believe he was armed.

[Record No. 1316-14-2, 2/11/15 Order]. Hackley appealed that decision, but the Supreme Court of Virginia refused the petition for appeal on March 28, 2016. [Rec. No. 151308, 3/28/16 Order].

Hackley then filed a pro se state petition for a writ of habeas corpus, in which he raised the following claims:

> (a) The trial court erroneously applied Virginia Code § 18.2-53.1 when it concluded that the firearm sentences must run consecutively to punishments other than the primary felony;
>
> (b) The trial court erroneously applied Virginia Code § 18.2-53.1 when it characterized three of the firearms convictions as "second or subsequent offenses," rendering the sentences unconstitutional;
>
> (c)(1) Trial counsel was ineffective for failing to argue that none of the firearms offenses should be considered "second or subsequent offenses"; and
> (c)(2) appellate counsel was ineffective for failing to raise this issue on appeal;

[See Case No. CL16-2787, State Habeas Pet'n]. Hackley later supplemented his petition with the following claims:

> (a) The trial court violated petitioner's constitutional right to a fair trial and to due process when it erroneously concluded that it lacked the authority to run the firearm sentences concurrently;

3

(b) The trial court violated petitioner's right to a speedy trial under the Sixth Amendment and Virginia Code § 19.2-243;

(c) Out of court statements made by Omar Alsavej were admitted at trial in violation of petitioner's Sixth Amendment right to confront adverse witnesses and his Fourteenth Amendment rights to a fair trial and to due process;

(d) The prosecution knowingly suppressed exculpatory evidence in violation of his Fourteenth Amendment rights to a fair trial and to due process;

(e) The evidence at trial was insufficient to find beyond a reasonable doubt that petitioner used a firearm to commit the burglary and abduction of Omar Alsavej and, thus, his Fourteenth Amendment rights to a fair trial and to due process were violated;

(f) The evidence at trial and sentencing was insufficient to find beyond a reasonable doubt that petitioner had previous convictions for using or displaying a firearm, and thus his Fourteenth Amendment rights to a fair trial and to due process were violated; and

(g) Trial counsel was ineffective for:

> (1) failing to argue that the trial court erred when it concluded that it lacked the authority to run the firearms sentences concurrently;
>
> (2) failing to argue that his statutory and Sixth Amendment rights to a speedy trial were violated;
>
> (3) failing to raise Confrontation Clause objections to the admission of Omar Alsavej's out-of-court statements;
>
> (4) failing to argue that the evidence was insufficient to find beyond a reasonable doubt that petitioner used or displayed a firearm to commit the burglary and abduction of Omar Alsavej;
>
> (5) failing to argue that the prosecution knowingly suppressed exculpatory evidence; and
>
> (6) failing to argue that the evidence at trial was insufficient to find beyond a reasonable doubt that petitioner had a previous conviction for a qualifying firearm offense.

[See Case No. CL16-2787, Amended State Habeas Pet'n].

The Circuit Court of the City of Richmond denied Hackley's state habeas petition, [Case No. CL16-2787, 7/10/17 Order], finding that supplemental allegations (a), (b), (c), (d), and (f) were procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), because those claims were not raised on direct appeal. [Id.]. Similarly, the court found that supplemental claim (e) was procedurally defaulted and added that, to the extent Hackley was reiterating the insufficiency of the evidence arguments from his direct appeal, that claim is not reviewable under Henry v. Warden, 576 S.E.2d 495 (Va. 2003). The court also held that under Pettus v. Peyton, 153 S.E.2d 278 (Va. 1967), claims charging insufficiency of the evidence are not cognizable on habeas review.

For the ineffective assistance of counsel claims in supplemental ground (g), the circuit court concluded that those claims failed under the performance and prejudice two-part test set out in Strickland v. Washington, 466 U.S. 688 (1984). [Id.]. The circuit court did not address the claims in Hackley's original petition. Hackley appealed, but the Supreme Court of Virginia refused the petition for appeal on June 21, 2018. [Rec. No. 171200, 6/21/18 Order].

Hackley filed this federal petition for a writ of habeas corpus on November 27, 2018, in which he raises the following claims:

(1) There was constitutionally insufficient evidence to support the nine guilty verdicts;

(2)(a) The trial court erroneously applied Virginia Code § 18.2-53.1 when it concluded that any sentence imposed under it must be served consecutive to sentences other than the primary felony;

(2)(b) The trial court erroneously applied Virginia Code § 18.2-53.1 when it concluded that three of the four firearms offenses were "second or subsequent offenses," thus rendering the sentences unconstitutional;

(3)(a) Trial counsel was ineffective for failing to argue that petitioner's statutory and constitutional rights to a speedy trial were violated;

5

(3)(b) Trial counsel was ineffective for failing to argue that the court must not construe any of the firearm convictions as "second or subsequent offenses" under Virginia Code § 18.2-53.1; and

(3)(c) Appellate counsel was ineffective for "failing to present meritorious issues on appeal," including claims related to Virginia Code § 18.2-53.1 and his rights to a speedy-trial.[1]

[Dkt. No. 1].

### III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if a state court has adjudicated a petitioner's claim on the merits, a federal court may grant a petition for a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court proceedings (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When § 2254(d) applies, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017) (internal quotation marks and citation omitted). Additionally, fact determinations by a state court "shall be presumed to be correct" unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e). But if a state court was silent on a claim petitioner raised, that deferential review does not apply. See Porter v. Zook, 898 F.3d 408, 425 (4th Cir. 2018).

---

[1] In his response opposing the motion to dismiss, Hackley additionally argues that appellate counsel was ineffective for failing to raise a Confrontation Clause argument on direct appeal. [Dkt. No. 22, at 6]. Because Hackley did not raise this claim in the § 2254 petition, it has been waived. See Carter v. Lee, 283 F.3d 240, 252 n.11 (4th Cir. 2002).

Additionally, a claim is procedurally defaulted "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Woodfolk v. Maynard, 857 F.3d 531, 543 (4th Cir. 2017) (internal quotation marks, brackets, and citation omitted). When such a procedural default occurs, it may be excused to allow federal review only if the petitioner shows (1) cause for the default and resulting prejudice, or (2) that the failure to evaluate the claim will result in a fundamental miscarriage of justice. Id.

### IV. Analysis

**Ground (1): Insufficiency of the Evidence**

Hackley argues that the evidence at trial was insufficient to find beyond a reasonable doubt that he committed any of the nine offenses for which he was convicted. On direct appeal, the Court of Appeals of Virginia rejected this claim after examining the elements of the crimes and supporting evidence.

> Robbery, a common law offense, is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572–73 (1968). See Mason v. Commonwealth, 200 Va. 253, 255-56, 105 S.E.2d 149, 151 (1958).

> Code § 18.2-48 provides: "[a]bduction . . . with the intent to extort money or pecuniary benefit, . . . shall be a Class 2 felony." To obtain a conviction under Code § 18.2-48, the Commonwealth was required to prove beyond a reasonable doubt that appellant took, transported or detained the victims by force, intimidation or deception for the purpose of acquiring money from them.

> Code § 18.2-90 provides that,

>> [i]f any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house . . . with intent to commit murder, rape, robbery or arson . . . [and] if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

7

> Khaled Alsavej's testimony established [Hackley] forcefully entered the residence without permission, demanded money from both victims, transported them with the threat of force for the purpose of obtaining money, and threatened both brothers with a firearm. The trial court believed the Commonwealth's witnesses and rejected [Hackley]'s testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The evidence presented at trial fully supports the trial court's decision. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of armed statutory burglary, two counts of robbery, two counts of abduction with the intent to obtain pecuniary benefit, and four counts of use of a firearm during the commission of a felony.

[Rec. No. 1316-14-2, 2/11/15 Order].

Hackley cannot succeed on this claim.[2] When faced with a habeas petition claiming that there was insufficient evidence to sustain a guilty verdict, the reviewing federal court asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here, as the Court of Appeals of Virginia concluded on direct review, a rational trier of fact crediting the Commonwealth's witnesses could have found the elements for each crime beyond a reasonable doubt. Accordingly, Ground (1) will be dismissed.

**Grounds (2)(a) & 2(b): Application of Virginia Code § 18.2-53.1**

Hackley contends that the trial court erroneously applied Virginia Code § 18.2-53.1, leading to "an unconstitutional sentence." [Dkt. No. 1]. Respondent argues first that these claims are not cognizable on federal habeas review because there is no federal basis for them. Second,

---

[2] It appears that Hackley did not fairly present the federal nature of this claim in its entirety through a full round of state review. Because respondent has not alleged a procedural default on this ground, the Court will proceed to the merits.

respondent further contends that the claims are procedurally defaulted because the state habeas court rejected them under Slayton.

The Court cannot review this claim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 US. 62, 67–68 (1991). Despite Hackley's fleeting reference to an "unconstitutional sentence," the thrust of his claims seeks this Court's review of the trial court's application of Virginia law. Because Hackley's claims concerning § 18.2-53.1, "when pared down to [their] core, rest[] solely upon an interpretation of Virginia's case law and statutes, [they are] simply not cognizable on federal habeas review." See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998); see also Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (concluding that federal habeas courts cannot review a state's alleged failure to adhere to its sentencing procedures even when petitioner's claim "is couched in terms of equal protection and due process.") (internal quotation marks and citation omitted). Moreover, Hackley's conclusory assertion that his sentence is unconstitutional, with no supporting explanation, does not entitle him to a review of the trial court's decision. See United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013) (opining that district court may disregard "vague and conclusory allegations" in habeas petitions and review only claims "supported by facts and argument."). Grounds 2(a) and 2(b) therefore will be dismissed.

**Ground (3): Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "that any such deficiency was 'prejudicial to the defense.'" Garza v. Idaho, 139 S. Ct. 738, 744 (2019) (quoting Strickland, 466 U.S. at 687–88, 692). Prejudice is demonstrated when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, 466 U.S. at 694. When a Strickland claim has been reviewed on the merits by a state court, this Court's review is doubly deferential because it "defer[s] to the state court's judgment, and under clearly established Supreme Court precedent, the state court defers to counsel's presumptive 'sound trial strategy.'" Morva v. Zook, 821 F.3d 517, 528 (4th Cir. 2016) (quoting Strickland, 466 U.S. at 689). Accordingly, when § 2254(d) applies to a Strickland claim, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

### i. Ground (3)(a): Trial Counsel's Effectiveness and Petitioner's Speedy Trial Rights

Hackley asserts that trial counsel was ineffective for failing to argue that his state statutory and Sixth Amendment rights to a speedy trial had been violated. As explained below, the state habeas court concluded that Hackley's trial was timely, and therefore trial counsel was not ineffective when it did not "rais[e] a frivolous argument to the contrary:"

> [T]he Court concludes that petitioner was timely tried on the six offenses for which he was indicted on October 9, 2013, by a multi-jurisdiction grand jury. As recited in trial counsel's affidavit (which the Court finds is credible), counsel reasonably regarded the 15 days that elapsed from the docket call on November 4, 2013 to the status hearing on November 19, 2013, as chargeable to the defense, thereby rendering the trial timely under § 19.2-243. Further, trial counsel's agreement at the status hearing to a trial date of March 21, 2014 (which petitioner consented to) was a continuance of the trial date within the meaning of § 19.2-243(4). See Heath v. Commonwealth, 261 Va. 389, 541 S.E. 2d 906 (2001). See also Hudson v. Commonwealth, 267 Va. 36, 591 S.E.2d 679 (2004); McCray v. Commonwealth, 44 Va. App. 334, 605 S.E.2d 291 (2004).

[Case No. CL16-2787, 7/10/17 Order].

Hackley insists that because his trial did not begin within five months from the October 9, 2013 indictments, his trial was untimely under the Virginia speedy trial statute. [Dkt. No. 1]. As relevant here, if an offender was continuously confined, the statute requires felony trials to begin

within five months from the date of the indictment. Va. Code § 19.2-243. There is no statutory violation when a defendant's counsel "fail[s] to object to the court's action in fixing the trial date . . . beyond the five-month speedy trial period" because that "constitutes a continuance of the trial date under [Va.] Code § 19.2-243(4)." Heath v. Commonwealth, 541 S.E.2d 906, 909 (Va. 2001).

Concerning counsel's performance, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. As respondent asserts, it reasonably could be argued that counsel satisfied Strickland because it would have been frivolous for counsel to have filed a motion to dismiss the indictment based on Virginia's speedy trial statute given counsel's own acquiescence to a continuance of the trial date. See Va. Code § 19.2-243(4); Heath, 541 S.E.2d at 909.

To the extent Hackley now argues that counsel was ineffective for waiving his statutory right to a speedy trial by agreeing to the trial date's continuance, that argument is unavailing. Hackley asserts that he suffered prejudice because Omar Alsavej was unavailable to testify at trial, preventing cross-examination on his admitted out-of-court statements. [Dkt. No. 22, at 4]. But Hackley does not state when Omar Alsavej became unavailable, making it pure speculation that the victim would have been available at an earlier trial. Nor has Hackley contended that counsel was on notice or reasonably could have anticipated that Omar Alsavej would depart the United States for Kuwait at some point before the trial, thus providing counsel with no reason to suspect that the trial needed to be held earlier.

Hackley also faults counsel's performance related to his Sixth Amendment right to a speedy trial, arguing that counsel should have moved to dismiss the indictment. The Virginia

Court of Appeals did not address the federal nature of the speedy trial claim. The Court therefore is not bound by § 2254(d)'s deference. See Porter, 898 F.3d at 425.

A threshold question when addressing a Sixth Amendment speedy trial claim is whether the length of the prosecution's delay is great enough to be "presumptively prejudicial." See Barker v. Wingo, 407 U.S. 514, 530 (1972). Here, Hackley's nine-count bench trial began within sixth months of the initial indictments. That delay cannot be said to be presumptively prejudicial. See United States v. Woolfolk, 399 F.3d 590, 597–98 (4th Cir. 2005) (referencing general rule that a delay of eight months or longer is presumptively prejudicial); Slavek v. Hinkle, 359 F. Supp. 2d 473, 495 (E.D. Va. 2005) (concluding that trial beginning a little more than six months after indictment and arrest was not presumptively prejudicial). Because it would have been frivolous for counsel to lodge a motion to dismiss the indictment based on Hackley's Sixth Amendment right to a speedy trial, petitioner cannot satisfy either Strickland factor. See United States v. Carter, 355 F.3d 920, 924 (6th Cir. 2004) (concluding that counsel's failure to make a motion "that had no chance of success fails both prongs" of Strickland). Accordingly, Ground 3(a) will be dismissed.

**Ground 3(b): Trial Counsel's Effectiveness and Petitioner's Firearm Sentences**

Hackley contends that trial counsel was ineffective for failing to argue that none of the firearm convictions should have been considered "second or subsequent offenses" under Virginia Code § 18.2-53.1. Hackley raised this claim in his original state habeas petition, but the circuit court did not address it. [Compare Case No. CL16-2787, Pet'r State Habeas Pet'n, with Case No. CL16-2787, 7/10/17 Order].

The Supreme Court of Virginia long ago rejected Hackley's argument, rendering frivolous any argument trial counsel potentially could have made. In Ansell v. Commonwealth,

250 S.E.2d 760 (Va. 1979), the appellant faced sentencing under an earlier, substantially similar version of § 18.2-53.1 for three counts of using a firearm during the commission of three qualifying felonies. The sentencing judge imposed the statute's heightened sentences for two of the three convictions. Id. at 761. The appellant asked the Supreme Court of Virginia to interpret § 18.2-53.1 precisely as Hackley understands it, such that the enhanced penalties cannot be imposed for offenses committed before the first conviction has been obtained. Id. The Supreme Court of Virginia declined to adopt the requested interpretation because that construction "would enable an offender who used a firearm in the commission of a series of serious felonies over an extended period of time prior to his apprehension to enjoy the status of a first offender as to each violation of [§] 18.2-53," which "would negate the legislative intent and would require an unreasonably restrictive interpretation of the statute." Id. at 763. Because the argument Hackley sought his trial counsel to make was foreclosed by Virginia law, counsel did not perform deficiently in failing to raise it, nor could Hackley have suffered any resulting prejudice. Accordingly, Ground 3(b) will be dismissed.

**Ground 3(c): Appellate Counsel's Representation**

Finally, Hackley asserts that appellate counsel was ineffective for "failing to present meritorious issues on appeal," including that the trial court erroneously interpreted Virginia Code § 18.2-53.1 by applying enhanced sentences to three of the four firearm convictions and by concluding that the statute mandated the firearm offenses be served consecutively, and that Hackley's rights to a speedy trial were violated.[3]

---

[3] The only claim Hackley raised in state proceedings relating to appellate counsel was his claim that appellate counsel should have argued that the trial court erred by imposing enhanced sentences for three of the firearm offenses. Respondent has not argued that the remaining claims are unexhausted and the Court will proceed to the merits.

13

The state court did not review Hackley's claim related to the enhanced sentences for "second or subsequent offenses," rendering this Court's review de novo. As discussed above, in light of Ansell it would have been just as frivolous for appellate counsel to have raised that argument on appeal as it would have been for trial counsel. Hackley therefore cannot show deficient performance or prejudice under Strickland.

As for whether appellate counsel was ineffective for failing to argue that the trial judge erroneously concluded that § 18.2-53 required each firearm sentence to be imposed consecutive to each other, an appellate counsel "does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). "[A] petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id. The state habeas court's finding on this issue as it related to trial counsel's performance makes clear that it would not have been obvious for appellate counsel to have raised this issue on appeal. The state habeas court found that "defense counsel argued that the trial court could and should order the firearms sentences to run concurrently, and that the trial court simply chose to impose consecutive sentences on the firearm convictions." [Case No. CL16-2787, 7/10/17 Order]. Because this assessment demonstrates that it was not obvious from the record that the sentencing court misunderstood its discretion, Hackley has not demonstrated that appellate counsel neglected to pursue an obvious issue on direct appeal in favor of less meritorious issues. Nor has Hackley presented any argument that the Court of Appeals of Virginia would have come to a different conclusion about the sentencing judge's interpretation of the statute, and therefore he has not shown that he suffered prejudice.

Hackley's last claim is that appellate counsel was ineffective for failing to argue that Hackley's speedy-trial rights were violated. Just as trial counsel was not ineffective for failing to raise this claim, neither was appellate counsel. As discussed above, Hackley's trial was timely under Virginia's speedy-trial statute and under the Sixth Amendment. He therefore cannot demonstrate deficient performance or prejudice under <u>Strickland</u>. For these reasons, Ground 3(c) will be dismissed.

## V. Conclusion

For the reasons stated above, respondent's motion to dismiss [Dkt. No. 17] will be granted, and a certificate of appealability will be denied. This petition will be dismissed with prejudice through an Order that will issue alongside this Memorandum Opinion.

Entered this 3rd day of February 2020.
Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge